**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GREAT AMERICAN INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.  1:17-cv-03083 |
| STATE PARKWAY CONDOMINIUM ASSOCIATION;  LIEBERMAN MANAGEMENT SERVICES, INC.; DONNA WEBER; MICHAEL J. NOVAK, INDIVIDUALLY AND IN HIS REPRESENTATIVE CAPACITY FOR HIS MINOR CHILD T.N. AS PARENT AND NEXT FRIEND; and CHRISTINA BUGELAS NOVAK, | ) ) ) ) ) ) ) ) ) ) ) ) | District Judge: Hon. Sharon Johnson Coleman  Magistrate Judge: Hon. Jeffrey T. Gilbert |
| Defendants. | ) | |

## <u>JOINT INITIAL STATUS REPORT (JUDGE GILBERT)</u>

NOW COME, Great American Insurance Company (GAIC), State Parkway Condominium Association (SPCA), Lieberman Management Services, Inc. ("Lieberman"), Donna Weber ("Weber"), Strathmore Insurance Company ("Strathmore"), Travelers Casualty and Surety Company of America ("Travelers"), Steadfast Insurance Company ("Steadfast"), Harleysville Insurance Company ("Harleysville") and for their Joint Initial Status Report (Judge Gilbert) state as follows:

**1.     Brief Summary of Claims**

This action seeks a declaration, pursuant to 28 U.S.C. §2201, that GAIC owes no insurance coverage obligations to the SPCA, Lieberman and/or Weber (collectively referred to as "the Association Defendants") under an excess policy of insurance issued by GAIC under which SPCA is an insured in connection with the two pending lawsuits styled as: (1) *Board of Directors*

1

*of the State Parkway Condominium Association v. Michael Novak,* Case No. 08 CH 11941 (Chancery Division, Cir. Ct. of Cook Cty., IL)(referred to as the "Chancery Suit"); and (2) *Michael Novak, Christina Bugelas Novak; T.N. by her parent and next friend Michael Novak v. Board of Directors, the State Parkway Condominium Association, Donna Weber, Lieberman Management Services, Inc. and Levenfield Pearlstein, LLC*, Case No. 13 cv 8861 (U.S. N.D. Ill.)(referred to as the "Federal Lawsuit")(collectively referred to as the "*Novak* Claims").

GAIC has filed a 14 count complaint seeking a declaration of no coverage because: (I) No Claim First Made Within GAIC's Policy Period; (II) the Known Loss/Loss In Progress Doctrine Applies; (III) the Known Loss Exclusion Applies; (IV) the Underlying Insurance Is not Yet Exhausted/ Association Defendants Must Pay the $1 Million Gap between the Travelers Policy and GAIC Policy; (V) Underlying Insurance Not Yet Exhausted Because of the Failure to Maintain CGL Coverage; (VI) Underlying Insurance Not Yet Exhausted because Association Defendants Prematurely Exhausted Travelers Policy; (VII) the Notice Condition has been breached: (VIII) Other Insurance Exists making GAIC's Policy excess; (IX) Sums Claimed in Novak Claims Are Not Covered "Loss" As Defined; (X) the Breach of Contract Exclusion precludes coverage; (XI) the Bodily Injury Exclusion precludes coverage; (XII) the Fraudulent or Dishonest Act Exclusion precludes coverage; (VIII) the Discrimination Exclusion precludes coverage; and (XIV) Lieberman and Weber Are Not Insureds.

SPCA and Lieberman/Weber filed counterclaims against GAIC seeking a declaration that GAIC is obligated to defend the *Novak* Claims if coverage under the Travelers policies is exhausted or if Travelers abandons the defense of the *Novak* Claims. GAIC has answered the SPCA and Lieberman/Weber Counterclaims.

SPCA filed a Third-Party Complaint to add its other insurers, Travelers, Steadfast, Strathmore, American International Specialty Lines Ins. Co. ("AIG") and Harleysville Lake States Ins. Co. ("Harleysville). Travelers, Strathmore and Steadfast have all appeared in the case. On January 5, 2018, summons was issued for AIG and Harleysville. On January 19, 2018, Harleysville appeared. AIG was served on January 5, 2018.

On January 5, 2018, Travelers filed its Counterclaim against SPCA and Fourth-Party Complaint against Lieberman and Weber. Travelers seeks a declaration that Travelers has no obligation to defend or pay for SPCA's, Lieberman's and Weber's defense in connection with for the Novak Claims under any policy Travelers issued to SPCA. Travelers contends it has no such obligation because Travelers exhausted its Limits of Liability under the 2006-2007 Policy and the Novak Claims are a single claim first made in the 2006-2007 policy year. SPCA, Lieberman and Weber have not yet responded to Travelers' Counterclaim and Fourth-Party Complaint.

On January 22, 2018, Strathmore filed its Counterclaim against SPCA, and Forth-Party Complaint against Lieberman and Weber. Strathmore seeks a declaration, pursuant to 28 U.S.C. §2201, that Strathmore has no duty or obligation to defend, or pay for the defense of SPCA and/or Lieberman Management Services, Inc. ("the insured") in the Novak Litigation and no duty to reimburse, indemnify or otherwise pay for any damages, liability or judgment in the Novak Litigation under any policy of insurance issued by Strathmore to SPCA due to late notice, known loss, loss in progress and additional policy terms, definitions, conditions and exclusions. SPCA, Lieberman and Weber have not yet responded to Strathmore's Counterclaim and Fourth-Party Complaint.

Lieberman/Weber will seek leave to file Third Party Complaints against Travelers, Steadfast, Strathmore, AIG and Harleysville.

**2.      Recap of Any Admissions in the Answer and Brief Summary of Any Affirmative Defenses**

Defendants admit several allegations pertaining to the underlying *Novak* Claims, including when they were filed. Defendants admit that the GAIC policy is attached to the complaint. SPCA admits that it did not "directly" provide notice of the *Novak* Claims to its Commercial General Liability (CGL) insurers before February 2017 and Lieberman/Weber admit that they did not provide notice to any CGL carrier before February 2017. Lieberman/Weber admit that they prepared a document sent to Travelers which listed "Novak" as a pending claim or loss before the GAIC policy was issued. The Lieberman/Weber Answer also asserts that the application submitted for the GAIC policy was not prepared by them.

SPCA filed two affirmative defenses to GAIC's Complaint: (1) premature to determine the duty to indemnify; and (2) improper to determine any fact issues that are in dispute in the underlying *Novak* Claim. The same affirmative defenses were filed by Lieberman/Weber.

Travelers also asserted affirmative defenses to SPCA's Third Party Complaint: (1) the Novak Claims are a single claim first made in the 2006-2007 policy period and Travelers has exhausted its policy and has no obligation to defend; (2) no coverage under Travelers policies issued after the 2006-2007 policy because the claim was first made before those policies' periods; (3) SPCA's claims are barred by the doctrine of unjust enrichment because SPCA seeks a greater benefit than it was entitled to under the Travelers policies; (4) SPCA's Section 155 claims are barred because Travelers has no defense obligation under the Travelers policies, there is a bona fide coverage dispute, and Travelers actions were reasonable and not vexatious; (5)

claims barred by other terms, conditions or exclusions; and (6) reserving the right to assert future affirmative defenses after defenses are revealed in discovery.

Strathmore asserted affirmative defenses to SPCA's Third Party Complaint: (1) the Novak Claims occurred before the inception of the Strathmore policy; (2) the Novak Claims are not an "occurrence" as defined by the Strathmore policy; (3) the insured failed to provide notice of an "occurrence" or notice of a "suit" as required by the Strathmore policy; (4) There is no claim for damages within the Novak Litigation as a result of "bodily injury" or "property damage" caused by an "occurrence; (5) There are no claims for damages within the Novak Litigation for "personal injury" or "advertising injury" as those terms are defined within the policies; (6) The Novak Litigation alleges damages or causes of action based upon intentional conduct of State Parkway Condominium Association and do not allege an "occurrence" as defined by the policy; (7) The is no coverage under the policy for attorney fees; (8) The loss occurred prior to the inception of the policy; (9) The alleged damages occurred outside of the policy term; (10) SPCA's claims for damages under 215 ILCS § 5/155 are barred, because (a) Strathmore has no obligation under the Strathmore policies, (b) there is a bona fide coverage dispute, and (c) Strathmore's denial of coverage to was proper; (11) SPCA's claims are barred by other terms, conditions or exclusion in the Strathmore policies; (12) Strathmore reserved the right to supplement its affirmative defenses as they are discovered.

**3.     Brief Statement of the Relief Sought, Including an Itemization of Damages**

GAIC seeks a declaration that it owes no insurance coverage obligations to SPCA, Lieberman and Weber for the *Novak* Claims. SPCA and Lieberman/Weber seek an opposite declaration to the extent that the Travelers policies are exhausted and that Travelers withdraws its defense of the *Novak* Claims.

Travelers seeks a declaration that (a) its payment of defense costs has exhausted the limits of liability available under its polices, and (b) it has no obligation under its policies to defend or pay for SPCA's, Lieberman's and Weber's defense in connection with the Novak Claims.

Strathmore seeks a declaration against Third-Party Plaintiff State Parkway Condominium Association on SPCA's Third-Party Complaint against Strathmore, and a declaration that Strathmore has no duty or obligation to defend, or pay for the defense of, SPCA and/or Lieberman Management Services, Inc. in the Novak Suit and/or Chancery Suit and no duty to reimburse, indemnify or otherwise pay for any damages, liability or judgment(s) in the Novak Suit and/or Chancery Suit.

**4.      Brief Statement of The Matter Referred**

On July 24, 2017, Judge Coleman referred this case to Judge Gilbert for the purpose of proceedings related to discovery supervision and settlement discussions.

**5.      Status of Any Briefing on the Matters Referred**

There is currently one pending motion before Judge Coleman. Steadfast filed a Motion to Dismiss Count IV of SPCA's Third Party Complaint because Steadfast filed a declaratory judgment action in the Circuit Court of Cook County, Illinois prior to the SPCA filing its Third-Party Complaint in Great American's declaratory judgment action in this court. (Docket No. 57, 58). Steadfast seeks a declaration that the claims asserted in the underlying cases by the Novak family against the SPCA, Lieberman and Weber are outside the scope of coverage provided by the relevant Steadfast CGL policies and, therefore, Steadfast has no duty to defend or indemnify the SPCA, Lieberman or Weber in the underlying cases. On January 23, 2018, Judge Coleman

set a briefing schedule: SPCA's Response is due February 6, 2018 and Steadfast's Reply is due February 20, 2018.

On January 24, 2018, Harleysville filed an agreed motion for enlargement of time to answer or otherwise plead against SPCA's Third Party Complaint. This motion is set to be heard by Judge Coleman on January 30, 2018.

**6.     A Description of Any Discovery That Has Been Completed or That is Outstanding**

No discovery has occurred as this matter is still in the pleadings stage. With respect to SPCA's Third Party Complaint, one Third-Party Defendant has not yet appeared, one Third-Party Defendant has not yet filed its responsive pleading, and one Third-Party Defendant has filed a Motion to Dismiss.

**7.     Any Existing Discovery Cut-Off, Pre-Trial Order, or Trial Dates**

None scheduled.

**8.     Discovery Plan**

GAIC believes an early summary judgment motion is likely. This motion would likely concern the relatedness/policy period, known loss/loss in progress and maintenance of underlying insurance/gap issues. GAIC believes that this motion can be completed with some focused discovery. The potential discovery would likely be directed to complete copies of the insurance policies as well as the reporting/notice of the underlying claims to the insurers and coverage positions taken by the carriers for these claims and the respective claim files. Other issues will likely need to await resolution of the *Novak* Claims if a defense funding obligation exists. These other coverage issues include indemnity, the covered loss defense; the Breach of Contract, Bodily Injury, the Fraudulent or Dishonest Act, and Discrimination Exclusions as well

as whether Lieberman and Weber Qualify as Insureds, will likely need to await resolution of the *Novak* Claims.

      a.     The parties propose Rule 26(a)(1) disclosures be exchanged 30 days after all of the Defendants and Third-Party Defendants have appeared and answered the complaints.

      b.     The parties propose that fact discovery shall be completed by October 31, 2018 on any defense funding issues. The parties do not believe that discovery deadlines should be set on the issues as respects indemnity as detailed above.

      c.     The parties do not currently expect expert discovery will be needed. Nevertheless, the parties propose Rule 26(a)(2) expert disclosures be provided by plaintiff on or before November 30, 2018 and by defendant on or before December 31, 2018 as respects the defense funding issues.

      d.     Although expert discovery is currently not expected, the parties propose that expert depositions be completed on or before January 31, 2019 as respects the defense funding issues.

**9.      ESI Discovery**

The parties do not anticipate significant electronically stored information (ESI) discovery but will further confer on discovery as respects emails.

**10.    Consent to Proceed Before A Magistrate Judge**

The parties have not consented to proceed before the magistrate.

**11.    Settlement Discussions**

No settlement discussions have transpired. The parties do not believe that a settlement conference will be productive at this time particularly since not all Third Party Defendants have

appeared and answered. At the very least, the parties do not believe that settlement discussions would be productive until after the Third-Party Defendants have appeared and answered.

Respectfully submitted,

GREAT AMERICAN INSURANCE COMPANY

By:   /s/ Ashley L. Conaghan
      One of Its Attorneys

Michael J. Duffy
Ashley L. Conaghan
Wilson Elser Moskowitz Edelman
   & Dicker LLP
55 West Monroe Street - Suite 3800
Chicago, IL 60603
(312) 704-0550

STATE PARKWAY
CONDOMINIUM ASSOCIATION

By:   /s/ William H. Jones
      One of Its Attorneys

Peter M. King
William H. Jones
Michael E. Crane
Canel, King & Jones
70 W. Madison Street, Suite 3970
Chicago, Illinois 60602
(312) 372-4142

LIEBERMAN MANAGEMENT
SERVICES, INC. AND DONNA
WEBER

By:  /s/ Michael Thomas Sprengnether
      One of Its Attorneys

Michael Thomas Sprengnether
Samantha Elizabeth Kaplan
Doherty & Progar LLC
200 W Adams St., Suite 2220
Chicago, IL 60606
(312) 630-9630

TRAVELERS CASUALTY AND
SURETY COMPANY OF
AMERICA

By:   /s/ Christopher J. Bannon
      One of Its Attorneys

Christopher J. Bannon
Mark A. Swantek
Aronberg Goldeghn Davis &
   Garmisa
330 N. Wabash Ave., Suite 1700
Chicago, IL 60611
(312) 755-3175

STRATHMORE INSURANCE
COMPANY

By:  /s/ David J. Roe
      One of Its Attorneys

David J. Roe
Law Office of David J. Roe
1699 Wall St., Suite 104
Mt. Prospect, IL 60056
(312) 948-4080

STEADFAST INSURANCE
COMPANY

By:   /s/ Georgia J. Joyce
      One of Its Attorneys

Brian A. O'Gallagher
Georgia J. Joyce
Cremer, Spina, Shaughnessey, Jansen
   & Siegert, LLC
1 N. Franklin St., 10th Floor
Chicago, IL 60606
(312) 726-3800

HARYLEYSVILLE LAKE
INSURANCE COMPANY

By:   /s/ Sulema Medrano
      One of Its Attorneys

Sulema Medrano
Joseph Carlasare
Smith Amundsen
150 N. Michigan Ave., Suite 3300
Chicago, IL
(312) 894-3200

9

## CERTIFICATE OF SERVICE

I hereby certify that January 24, 2018, I electronically filed the aforesaid document with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record in this case by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

By:  /s/ Ashley L. Conaghan
One of Great American Insurance
Company's Attorneys

Michael J. Duffy
michael.duffy@wilsonelser.com
Ashley L. Conaghan
Ashley.conaghan@wilsonelser.com
Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street - Suite 3800
Chicago, IL 60603
(312) 704-0550; (312) 704-1522 (fax)

2450571v.1