**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| GREAT AMERICAN INSURANCE COMPANY, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 17-cv-3083 |
| | ) | |
| STATE PARKWAY CONDOMINIUM ASSOCIATION; | ) | |
| LIEBERMAN MANAGEMENT SERVICES, INC.; | ) | |
| DONNA WEBER; MICHAEL J. NOVAK, | ) | |
| INDIVIDUALLY AND IN HIS REPRESENTATIVE | ) | |
| CAPACITY FOR HIS MINOR CHILD T.N. AS | ) | |
| PARENT AND NEXT FRIEND; and | ) | |
| CHRISTINA BUGELAS NOVAK, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| STATE PARKWAY CONDOMINIUM ASSOCIATION, | ) | |
| | ) | |
| Counter-Plaintiff, | ) | |
| Third-Party Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TRAVELERS CASUALTY AND SURETY COMPANY | ) | |
| OF AMERICA; AMERICAN INTERNATIONAL | ) | |
| SPECIALTY LINES INSURANCE COMPANY; | ) | |
| HARLEYSVILLE LAKE STATES INSURANCE | ) | |
| COMPANY; STEADFAST INSURANCE COMPANY; | ) | |
| and STRATHMORE INSURANCE COMPANY, | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

**STATE PARKWAY CONDOMINIUM ASSOCIATION'S
ANSWER TO THIRD-PARTY DEFENDANT/FOURTH PARTY
PLAINTIFF'S COUNTERCLAIM AND FOURTH PARTY COMPLAINT**

Defendant, Third-Party Plaintiff State Parkway Condominium Association ("SPCA"), by its undersigned attorneys and for its Answer to the Third-Party Defendant/Fourth Party Plaintiff's Counterclaim and Fourth Party Complaint of Travelers Casualty and Surety Company of America ("Travelers"), states as follows:

**Preliminary Statement**

1.     This is a Counterclaim and Fourth-Party Complaint against SPCA, Lieberman and Weber for declaratory judgment, pursuant to 28 U.S.C. §§2201 and 2202, in which Travelers seeks a declaration of its contractual obligations to SPCA, Lieberman and Weber, under a series of Non-Profit Management and Organization Liability Insurance Policies that Travelers issued to SPCA (the "Travelers Policies" or "Travelers Policy"), for various administrative actions and civil proceedings between SPCA, Lieberman, Weber and Michael J. Novak (collectively the "Novak Litigation").

**Answer**:     Admitted.

2.     While Travelers provided SPCA with a defense for the Novak Litigation since approximately January 2007, and Travelers provided Lieberman and Weber with a defense for one action since December 2013, Travelers owes no further obligations to SPCA, Lieberman and Weber under the Travelers Policies because Travelers paid for Defense Costs, as the Travelers Policies define that term, on behalf of SPCA, Lieberman and Weber, in an amount that exhausts the maximum aggregate limit of liability for the applicable Travelers Policy. Therefore, Travelers' duty to defend SPCA, Lieberman and Weber for the Novak Litigation has ceased.

**Answer**:     SPCA admits that Travelers defended SPCA, Lieberman and Weber against the claims brought in the Novak Litigation until approximately October 2017, at which time it abandoned SPCA, Lieberman and Weber. SPCA denies the remaining allegations of Paragraph 2.

## The Parties

3.      Travelers is a Connecticut corporation with its principal place of business located in Hartford, Connecticut. Travelers is, therefore, a citizen of Connecticut.

**Answer**:      Admitted.

4.      SPCA is an Illinois not-for-profit corporation. It is the association of the unit owners of the condominium building located at 1445 North State Parkway, Chicago, Illinois, and it is responsible for the administration of the building pursuant to the Declaration of Condominium Ownership and of Easements, Restrictions, Covenants and By-Laws for the State Parkway Condominium. SPCA is, therefore, a citizen of Illinois.

**Answer**:      Admitted.

5.      Lieberman is an Illinois corporation with its principal place of business located in Elk Grove Village, Illinois. Lieberman is, therefore, a citizen of Illinois.

**Answer**:      Admitted, on information and belief.

6.      Weber is an individual domiciled in Florida, and is, therefore, a citizen of Florida.

**Answer**:      Admitted, on information and belief.

## The Travelers Policies

7. The Travelers Policies are a series of Travelers Non-Profit Management and Organization Liability Insurance Policies issued to SPCA under policy no. 104106949 for consecutive policy periods from May 2006 to May 2012.

**Answer**:      SPCA admits that Travelers insured SPCA under separate Non-Profit Management and Organization Liability Insurance policies issued annually from May 30, 2006 through May 2012. Further answering, SPCA states that those policies are themselves the best evidence of their content, and SPCA denies any allegations inconsistent therewith.

8.     Travelers issued to SPCA a Travelers Policy effective from May 30, 2006 to May 30, 2007 under policy no. 104106949 (the "2006-2007 Policy"). The Limit of Liability, inclusive of Defense Costs, for the 2006-2007 Policy is $1,000,000 aggregate for all Claims first made in the Policy Period. A true and accurate copy of the 2006-2007 Policy is attached to this Counterclaim as Exhibit 1.

**Answer**:     SPCA admits that Travelers insured SPCA under Policy No. 104106949 for the policy period from May 30, 2006, through May 30, 2007. SPCA admits that Travelers has asserted that the limit of liability on that policy is $1 million. SPCA admits that pages from that policy are attached to Travelers' Third-Party Complaint as Exhibit 1. Further answering, SPCA states that those pages themselves are the best evidence of their content, and SPCA denies any allegations inconsistent therewith.  SPCA denies that those pages constitute the complete policy. Among other things, the exhibit does not contain the "Declarations" page, and the Certificate indicates that the policy is a "Renewal" but Travelers has not provided to SPCA the complete policy it purports to renew despite repeated requests.

9.     Travelers issued to SPCA a Travelers Policy effective from May 30, 2007 to May 1, 2008 under policy no. 104106949 (the "2007-2008 Policy"). The Limit of Liability, inclusive of Defense Costs, for the 2007-2008 Policy is $1,000,000 aggregate for all Claims first made in the Policy Period. A true and accurate copy of the 2007-2008 Policy is attached to this Counterclaim as Exhibit 2.

**Answer**:     SPCA admits that Travelers insured SPCA under Policy No. 104106949 for the policy period from May 30, 2007, through May 1, 2008. SPCA admits that Travelers has asserted that the limit of liability on that policy is $1 million. SPCA admits that pages from that policy are attached to Travelers' Third-Party Complaint as Exhibit 2. Further answering, SPCA states that

those pages themselves are the best evidence of their content, and SPCA denies any allegations inconsistent therewith.  SPCA denies that those pages constitute the complete policy. Among other things, the exhibit does not contain the "Declarations" page, and the Certificate indicates that the policy is a "Renewal" but Travelers has not provided to SPCA the complete policy it purports to renew despite repeated requests.

10.     Travelers issued to SPCA a Travelers Policy effective from May 1, 2008 to May 1, 2009 under policy no. 104106949 (the "2008-2009 Policy"). The Limit of Liability, inclusive of Defense Costs, for the 2008-2009 Policy is $1,000,000 aggregate for all Claims first made in the Policy Period. A true and accurate copy of the 2008-2009 Policy is attached to this Counterclaim as Exhibit 3.

**Answer**:     SPCA admits that Travelers insured SPCA under Policy No. 104106949 for the policy period from May 1, 2008, through May 1, 2009. SPCA admits that Travelers has asserted that the limit of liability on that policy is $1 million. SPCA admits that pages from that policy are attached to Travelers' Third-Party Complaint as Exhibit 3. Further answering, SPCA states that those pages themselves are the best evidence of their content, and SPCA denies any allegations inconsistent therewith.  SPCA denies that those pages constitute the complete policy. Among other things, the exhibit does not contain the "Declarations" page, and the Certificate indicates that the policy is a "Renewal" but Travelers has not provided to SPCA the complete policy it purports to renew despite repeated requests.

11.     Travelers issued to SPCA a Travelers Policy effective from May 1, 2009 to May 1, 2010 under policy no. 104106949 (the "2009-2010 Policy"). The Limit of Liability, inclusive of Defense Costs, for the 2008-2009 Policy is $1,000,000 aggregate for all Claims first made in the Policy Period. A true and accurate copy of the 2009-2010 Policy is attached to this Counterclaim

as Exhibit 4.

**Answer**:        SPCA admits that Travelers insured SPCA under Policy No. 104106949 for the policy period from May 1, 2009, through May 1, 2010. SPCA admits that Travelers has asserted that the limit of liability on that policy is $1 million. SPCA admits that pages from that policy are attached to Travelers' Third-Party Complaint as Exhibit 4. Further answering, SPCA states that those pages themselves are the best evidence of their content, and SPCA denies any allegations inconsistent therewith.  SPCA denies that those pages constitute the complete policy. Among other things, the exhibit does not contain the "Declarations" page, and the Certificate indicates that the policy is a "Renewal" but Travelers has not provided to SPCA the complete policy it purports to renew despite repeated requests.

        12.        Travelers issued to SPCA a Travelers Policy effective from May 1, 2010 to May 1, 2011 under policy no. 104106949 (the "2010-2011 Policy"). The Limit of Liability, inclusive of Defense Costs, for the 2010-2011 Policy is $1,000,000 aggregate for all Claims first made in the Policy Period that is brought, maintained or asserted by or on behalf of Michael Novak. A true and accurate copy of the 2010-2011 Policy is attached to this Counterclaim as Exhibit 5.

**Answer**:        SPCA admits that Travelers insured SPCA under Policy No. 104106949 for the policy period from May 30, 2010, through May 1, 2011. SPCA admits that Travelers has asserted that the limit of liability on that policy is $1 million. SPCA admits that pages from that policy are attached to Travelers' Third-Party Complaint as Exhibit 5. Further answering, SPCA states that those pages themselves are the best evidence of their content, and SPCA denies any allegations inconsistent therewith.  SPCA denies that those pages constitute the complete policy. Among other things, the exhibit does not contain the "Declarations" page, and the Certificate indicates that the

policy is a "Renewal" but Travelers has not provided to SPCA the complete policy it purports to renew despite repeated requests.

13. Travelers issued to SPCA a Travelers Policy effective from May 1, 2011 to May 1, 2012 under policy no. 104106949, (the "2011-2012 Policy"). The Limit of Liability, inclusive of Defense Costs, for the 2011-2012 Policy is $1,000,000 aggregate for all Claims first made in the Policy Period. A true and accurate copy of the 2011-2012 Policy is attached to this Counterclaim as Exhibit 6.

**Answer**: SPCA admits that Travelers insured SPCA under Policy No. 104106949 for the policy period from May 30, 2011, through May 1, 2012. SPCA admits that Travelers has asserted that the limit of liability on that policy is $1 million. SPCA admits that pages from that policy are attached to Travelers' Third-Party Complaint as Exhibit 6. Further answering, SPCA states that those pages themselves are the best evidence of their content, and SPCA denies any allegations inconsistent therewith. SPCA denies that those pages constitute the complete policy. Among other things, the exhibit does not contain the "Declarations" page, and the Certificate indicates that the policy is a "Renewal" but Travelers has not provided to SPCA the complete policy it purports to renew despite repeated requests.

14. After May 1, 2012, Travelers did not issue any further Non-Profit Management and Organization Liability Insurance Policy to SPCA.

**Answer**: Admitted.

15. The Travelers' Policies' Insuring Agreements (Form CIRI 72001 (06/98)), provide, in relevant part, as follows:

## I. INSURING AGREEMENTS

### Liability Coverage

A.   The Insurer will pay on behalf of the **Insureds Loss** up to the available maximum aggregate **Limit of Liability** set forth in Item 3 of the Declarations which is incurred by the **Insureds** as the result of any **Claim** first made against the **Insured** and reported in writing to the Insurer during the Policy Period or the **Discovery Period**, if purchased, for a **Wrongful Act**.

**Defense Coverage**

B.   The Insurer shall have the right and duty to defend any **Claim** covered by this Policy, even if any of the allegations are groundless, false or fraudulent. The Insurer's duty to defend shall cease upon exhaustion of the Limit of Liability set forth in Item 3 of the Declarations.

**Answer**:   SPCA admits the existence of policies of insurance under which Travelers insured SPCA and that some pages from those polices are attached to Travelers' Third-Party Complaint as Exhibits 1 through 6. Further answering, SPCA states that those documents are themselves the best evidence of their content, and SPCA denies any allegations inconsistent therewith.

\*   \*   \*

16.   The Travelers Policies define the term "Claim" as follows:

B.   **Claim** means:

1)   a written demand for monetary damages;

2)   a civil proceeding commenced by service of a complaint or similar pleading; or

3)   a criminal proceeding commenced by a return of an indictment; or

4)   a written request to toll or waive a statute of limitations relating to a potential civil or administrative proceeding

against any **Insured** for a **Wrongful Act**, including an appeal therefrom.

**Answer**:   SPCA admits the existence of policies of insurance under which Travelers insured SPCA and that some pages from those polices are attached to Travelers' Third-Party Complaint as

Exhibits 1 through 6. Further answering, SPCA states that those documents are themselves the best evidence of their content, and SPCA denies any allegations inconsistent therewith.

17.     The Travelers Policies define the term "Defense Costs" as follows:

> C.      **Defense Costs** means that part of **Loss** consisting of reasonable costs, charges and expenses (including but not limited to attorney fees) incurred in defending or investigating **Claims**, including appeals therefrom. **Defense Costs** does not include salaries, wages overhead or benefit expenses from any **Insured Person**.

**Answer**:      SPCA admits the existence of policies of insurance under which Travelers insured SPCA and that some pages from those polices are attached to Travelers' Third-Party Complaint as Exhibits 1 through 6. Further answering, SPCA states that those documents are themselves the best evidence of their content, and SPCA denies any allegations inconsistent therewith.

18.     The Travelers Policies define the term "Loss" as follows:

> J.      **Loss** means the total amount excess of the applicable Retention which any **Insured** becomes legally obligated to pay as the result of all **Claims** first made against any **Insured** during the **Policy Period** for **Wrongful Acts** including, but not limited to, damages, judgments, settlements and **Defense Costs**.

**Answer**:      SPCA admits the existence of policies of insurance under which Travelers insured SPCA and that some pages from those polices are attached to Travelers' Third-Party Complaint as Exhibits 1 through 6. Further answering, SPCA states that those documents are themselves the best evidence of their content, and SPCA denies any allegations inconsistent therewith.

19.     The Travelers Policies defines the term "Related Wrongful Acts" as follows:

> Q.      **Related Wrongful Acts** means **Wrongful Acts** that arise out of, are based on, relate to or are in consequence of, the same facts, circumstances or situations.

**Answer**:      SPCA admits the existence of policies of insurance under which Travelers insured SPCA and that some pages from those polices are attached to Travelers' Third-Party Complaint as

Exhibits 1 through 6. Further answering, SPCA states that those documents are themselves the bet

evidence of their content, and SPCA denies any allegations inconsistent therewith.

20.     The Travelers Policies define the term "Wrongful Act" as follows:

> S.     **Wrongful Act** means any error, misstatement, misleading statement, act, omission, neglect, or breach of duty committed or attempted, or allegedly committed or attempted, by the **Insured Organization** or by one of more **Insured Persons**, individually or collectively, in the respective capacities as such, including but not limited to any **Wrongful Employment Practices**.

**Answer**:     SPCA admits the existence of policies of insurance under which Travelers insured

SPCA and that some pages from those polices are attached to Travelers' Third-Party Complaint as

Exhibits 1 through 6. Further answering, SPCA states that those documents are themselves the

best evidence of their content, and SPCA denies any allegations inconsistent therewith.

21.     The Travelers Policies' Section V. "General Conditions And Limitations",
provides as follows:

> A.     **LIMIT OF LIABILITY AND RETENTION**
>
> 1)     The Insurer shall pay **Loss** in excess of the applicable Retention set forth in Item 4 of the Declarations up to the maximum aggregate Limit of Liability set forth in Item 3 of the Declarations for the **Policy Period** set forth in Item 2 of the Declarations.
>
> 2)     **Losses** based upon or arising out of the same **Wrongful Act** or **Related Wrongful Acts** of one or more of the **Insureds** shall be considered a single **Loss** incurred as a result of a single **Claim**, which **Claim** shall be deemed to have been made on the date the first **Claim** for such **Wrongful Act** or for one or more such **Related Wrongful Acts** is made against any of the **Insureds**, whether such date is before or after the **Policy Inception Date**. The applicable Retention shall apply only once to each such single **Claim.**
>
> *     *     *

7) **Defense Costs** shall be part of and not in addition to the maximum aggregate Limit of Liability set forth in Item 3 of the Declarations, and **Defense Costs** shall reduce the maximum aggregate Limit of Liability.

8) The amount set forth in Item 3 of the Declarations shall be the maximum aggregate Limit of Liability of the Insurer under the Policy for the **Policy Period** for all **Loss** resulting from all **Claims**, regardless of the time of payment by the Insurer.

**Answer**:        SPCA admits the existence of policies of insurance under which Travelers insured SPCA and that some pages from those polices are attached to Travelers' Third-Party Complaint as Exhibits 1 through 6. Further answering, SPCA states that those documents are themselves the best evidence of their content, and SPCA denies any allegations inconsistent therewith.

## THE NOVAK LITIGATION

22.        In January 2007, Michael J. Novak filed a complaint alleging discrimination, eventually referred to the Illinois Department of Human Rights and perfected on April 13, 2007 (the "2007 IDHR Action"). A true and accurate copy of the perfected complaint in the 2007 IDHR Action is attached to this Counterclaim as Exhibit 7.

**Answer**:        Admitted.

23.        In the 2007 IDHR Action, Mr. Novak alleged that he was a disabled condominium unit owner. He further alleged that SPCA failed to make reasonable accommodation for Mr. Novak's hearing impairment and discriminatively denied Mr. Novak's reasonable accommodation request. Mr. Novak's alleged accommodation requests were for professional Communication Access Real-Time Translation ("CART") services to effectively communicate at SPCA Board meetings and an upcoming hearing regarding an alleged violation of association rules by Mr. Novak.

**Answer**: SPCA admits that Novak filed an action with the IDHR, a copy of which is attached to Travelers' Counterclaim as Exhibit 7. Further answering, SPCA states that the documents filed in connection with that proceeding are themselves the best evidence of their content, and SPCA denies any allegations inconsistent therewith.

24. SPCA notified Travelers of the 2007 IDHR Action and submitted the matter for insurance coverage.

**Answer**: Admitted.

25. In a letter dated April 18, 2007, Travelers provided an initial coverage evaluation for the 2007 IDHR Action. Travelers advised SPCA that Travelers would provide SPCA with a defense under a reservation of rights, and agreed to retain SPCA's outside corporate counsel, the law firm of Levenfeld Pellstein LLC ("Levenfeld") for the defense. A true and accurate copy of Travelers' April 18, 2007 letter is attached to this Counterclaim as Exhibit 8.

**Answer**: SPCA admits that Travelers sent it a letter dated April 18, 2007, a copy of which is attached to Travelers' Counterclaim as Exhibit 8. Further answering, SPCA states that the letter itself is the best evidence of its content, and SPCA denies any allegations inconsistent therewith.

26. The parties to the 2007 IDHR Action eventually reached a settlement agreement in September 2007.

**Answer**: Admitted.

27. Subsequently, on March 31, 2008, SPCA initiated litigation against Mr. Novak in the Circuit Court of Cook County, Illinois, Chancery Division, Case No. 08-CH-11941 (the "Chancery Suit"), seeking declaratory and injunctive relief relating to Mr. Novak's behavior, access to certain common areas, contact with board members and the property manager, and seeking a judicial sale of Mr. Novak's unit. Levenfeld, which represented SPCA against the

2007 IDHR Action, filed the Chancery Suit on SPCA's behalf.

**Answer**:     SPCA admit that it filed a complaint in the Chancery Division of the Circuit Court of Cook County on March 31, 2008. Further answering, SPCA states that the complaint itself is the best evidence of its content, and SPCA denies any allegations inconsistent therewith. SPCA admits that Levenfeld Pearlstein LLC represented SPCA in that action.

28.     On April 30, 2008, Mr. Novak filed an Answer and Affirmative Defenses in the Chancery Suit. A true and correct copy of the Answer was included as "Exhibit A" to Great American Insurance Company's ("GAIC") Complaint against SPCA in this litigation. Among his Affirmative Defenses was the defense that SPCA's claims were barred, in part, because it discriminated against Mr. Novak, prevented him from addressing the SPCA Board, and retaliated against him for making the charges in the 2007 IDHR Action.

**Answer**:     SPCA admits the first two sentences of Paragraph 28. Further answering, SPCA states that the pleading itself is the best evidence of its content, and SPCA denies any allegations inconsistent therewith.

29.     On January 13, 2009, Mr. Novak filed a Counterclaim against SPCA in the Chancery Suit. A true and correct copy of the Counterclaim was included as "Exhibit B" to GAIC's Complaint against SPCA in this litigation.

**Answer**:     Admitted.

30.     In the Counterclaim in the Chancery Suit, Mr. Novak alleged SPCA failed to provide him with requested information and documentation, made public disparaging comments about him at Board meetings, breached the settlement agreement of the 2007 IDHR Action, made threats to him for use of an elevator with his service animal, treated him with hostility, failed to provide a hearing for him to dispute various allegations, failed to provide him with a timely copy

of the SPCA budget, harassed him, fined him without providing a meaningful opportunity to be heard, made formal complaints against him, and violated its own rules and regulations. Primary to Mr. Novak's Counterclaim were allegations that SPCA and Lieberman acted with hostility and retaliated against him for making the charges in the 2007 IDHR Action, and breached the settlement agreement entered in connection with the 2007 IDHR Action.

**Answer**:      SPCA admits that Novak filed a Counterclaim in the Chancery Suit. Further answering, SPCA states that the Counterclaim itself is the best evidence of its content, and SPCA denies any allegations inconsistent therewith. SPCA denies the remaining allegations of Paragraph 30.

31.      SPCA notified Travelers of Mr. Novak's Counterclaim in the Chancery Suit and submitted the matter for coverage.

**Answer**:      Admitted.

32.      In a letter dated February 13, 2009, Travelers provided an initial coverage evaluation for the Chancery Suit. A true and correct copy of Travelers' February 13, 2009 letter is attached to SPCA's Third Party Complaint as "Exhibit 6." In its letter, Travelers advised SPCA that Levenfeld would defend SPCA in the Chancery Suit under a reservation of rights.

**Answer**:      SPCA admits that Travelers sent it a letter dated February 13, 2009. Further answering, SPCA states that the letter itself is the best evidence of its content, and SPCA denies any allegations inconsistent therewith. SPCA denies the remaining allegations of Paragraph 32.

33.      On June 15, 2009 Mr. Novak filed a First Amended Counterclaim against SPCA in the Chancery Suit. A true and correct copy of the First Amended Counterclaim is included as "Exhibit C" to GAIC's Complaint against SPCA in this litigation.

**Answer**:      Admitted.

34.     In the First Amended Counterclaim in the Chancery Suit, Mr. Novak sought to compel SPCA to produce various documents in accordance with Chicago and Illinois statutes and/or regulations, and also alleged breach of fiduciary duty against SPCA. Mr. Novak accused SPCA of various allegedly discriminatory and retaliatory actions related to the 2007 IDHR Complaint and Mr. Novak's disability, and alleged that SPCA refused his requests in bad faith in retaliation for Mr. Novak's previous assertions of his protected rights.

**Answer**:  SPCA admits that Novak filed a First Amended Counterclaim in the Chancery Suit. Further answering, SPCA states that the First Amended Counterclaim itself is the best evidence of its content, and SPCA denies any allegations inconsistent therewith. SPCA denies the remaining allegations of Paragraph 30.

35.     On September 2, 2009, Mr. Novak filed a Second Amended Counterclaim in the Chancery Suit. A true and correct copy of the Second Amended Counterclaim is included as "Exhibit D" to GAIC's Complaint against SPCA in this litigation.

**Answer**:     Admitted.

36.     In the Second Amended Counterclaim in the Chancery Suit, Mr. Novak alleged that SPCA committed breaches of fiduciary duty, violations of the SPCA covenants and rules, and violations of a number of Chicago and Illinois statutes and/or regulations. In the Second Amended Counterclaim in the Chancery Suit, Mr. Novak also alleged that SPCA continued to refuse to accommodate his disability and retaliated against him for asserting his protected rights.

**Answer**:     SPCA admits that Novak filed a Second Amended Counterclaim in the Chancery Suit. Further answering, SPCA states that the Second Amended Counterclaim itself is the best evidence of its content, and SPCA denies any allegations inconsistent therewith. SPCA denies the remaining allegations of Paragraph 30.

37.     In a letter dated October 22, 2009, Travelers advised SPCA regarding certain insurance coverage issues raised by the Second Amended Counterclaim in the Chancery Suit. Travelers indicated it would continue providing SPCA with a defense under a reservation of rights in the Chancery Suit. A true and correct copy of Travelers' October 22, 2009 letter is attached to SPCA's Third Party Complaint as "Exhibit 7."

**Answer**:     SPCA admits that Travelers sent it a letter dated October 22, 2009. Further answering, SPCA states that the letter itself is the best evidence of its content, and SPCA denies any allegations inconsistent therewith. SPCA denies the remaining allegations of Paragraph 37.

38.     In or about October 2009, the law firm of Litchfield Cavo LLP ("Litchfield") was retained to defend SPCA against the Counterclaims in the Chancery Suit, while Levenfeld continued to prosecute the initial complaint in the Chancery Suit.

**Answer**:     Admitted.

39.     In November 2010, Mr. Novak initiated a new administrative proceeding that was referred to the Illinois Department of Human Rights (the "2010 IDHR Action"), in which he alleged violations of various federal and state fair housing laws. In that action, he accused SPCA of attempting to terminate ownership of his condo, issuing rules violations for noise complaints, refusing to provide accommodations for his disability at a hearing to contest said violations, and refusing to recognize use of a service animal in retaliation against him for the 2007 IDHR Action. A true and correct copy of the Charge in the 2010 IDHR Action is attached to this Counterclaim as Exhibit 9.

**Answer**:     SPCA admits that Novak filed a Complaint with the Illinois Department of Human Rights in November 2010, a copy of which is attached to Travelers' Counterclaim as Exhibit 9. Further answering, SPCA states that those documents are themselves the best evidence of their

content, and SPCA denies any allegations inconsistent therewith. SPCA denies the remaining allegations of Paragraph 39.

40.     In a letter dated December 6, 2010, Travelers advised SPCA regarding certain insurance coverage issues raised by the 2010 IDHR Action. Travelers indicated in the letter that it would continue providing SPCA with a defense under a reservation of rights. A true and correct copy of Travelers December 6, 2010 letter is attached to SPCA's Third Party Complaint as "Exhibit 8."

**Answer**:     SPCA admits that Travelers sent it a letter dated December 6, 2010. Further answering, SPCA states that the letter itself is the best evidence of its content, and SPCA denies any allegations inconsistent therewith. SPCA denies the remaining allegations of Paragraph 40.

41.     On May 9, 2011, SPCA filed a voluntary dismissal of its Complaint against Mr. Novak in the Chancery Suit.

**Answer**:     Admitted.

42.     On December 12, 2013, Mr. Novak filed a complaint in the United States District Court for the Northern District of Illinois under Case No. 13-cv-8861 (the "Federal Suit") in which he alleged that SPCA, Lieberman and Weber discriminated against him on the basis of his disability in violation of the Fair Housing Act, and intentionally and/or negligently inflicted emotional distress through discriminatory and retaliatory conduct. A true and correct copy of the Complaint in the Federal Suit is attached as "Exhibit E" to GAIC's Complaint against SPCA in this litigation.

**Answer**:     SPCA admits that Novak and others filed a complaint in the United States District Court for the Northern District of Illinois in December 2013. Further answering, SPCA states that

the pleading itself is the best evidence of its content, and SPCA denies any allegations inconsistent therewith.

43. Travelers provided a defense for SPCA, Lieberman and Weber in the Federal Suit from December 2013 through May 2017 and paid for legal services provided by Litchfield in the defense of the Federal Suit during that period.

**Answer**: Admitted.

44. Both the Chancery Suit and the Federal Suit are active cases and neither has a trial date set.

**Answer**: Admitted.

45. To date, Travelers has paid $1,085,143.64 in Defense Costs on behalf of SPCA to defend it against the 2007 IDHR Action, the Chancery Suit, the 2010 IDHR Action, and the Federal Suit (collectively, the "Novak Litigation").

**Answer**: SPCA lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 45 and therefore denies those allegations.

46. Since payment of Defense Costs for the Novak Litigation exhausted the aggregate maximum available Limits of Liability of the Travelers Policy applicable to the Novak Litigation, Travelers notified SPCA, Lieberman and Weber that Travelers would no longer pay Defense Costs on their behalf for further proceedings in the Novak Litigation, pursuant to the Defense Coverage provisions of the applicable Travelers Policy's Insuring Agreement.

**Answer**: SPCA admits that in October 2017 Travelers advised SPCA that Travelers was abandoning its defense obligations. SPCA denies the remaining allegations of Paragraph 46.

## COUNT I

### (Declaratory Relief – No Duty To Defend)

47.     Travelers realleges paragraphs 1-46 of its Counterclaim as if set forth fully as this Paragraph 47.

**Answer**:     SPCA realleges and incorporates by reference as though fully set forth herein its Answers to Paragraphs 1 through 46 above as its Answer to this Paragraph 47.

48.     SPCA asserts that the available coverage under the Travelers Policies is at least $2,000,000.00 and that Travelers should continue to pay for SPCA's defense for the Novak Litigation.

**Answer**:     Admitted.

49.     Travelers disputes that it has any further duties relative to the Novak Litigation under any of the Travelers Policies.

**Answer**:     Admitted.

50.     Travelers' obligation to SPCA is to pay **Loss** up to the available maximum aggregate Limit of Liability incurred as the result of any **Claim** for a **Wrongful Act**. Travelers' duty to defend any **Claim** ceases upon exhaustion of the available Limit of Liability applicable to that **Claim**.

**Answer**:     SPCA admits the existence of policies of insurance under which Travelers insured SPCA and that some pages from those polices are attached to Travelers' Third-Party Complaint as Exhibits 1 through 6. Further answering, SPCA states that those documents are themselves the best evidence of their content, and SPCA denies any allegations inconsistent therewith.

51.     The Travelers Policies provide that any **Losses** based upon or arising out of the same **Wrongful Act** or **Related Wrongful Acts** of one or more of the **Insureds** shall be considered a single **Loss** incurred as a result of a single **Claim**, which **Claim** shall be deemed to have been made on the date the first **Claim** for such **Wrongful Act**, or for one or more such **Related**

**Wrongful Acts**, is made against any of the **Insureds**, whether such date is before or after the **Policy Inception Date**.

**Answer**: SPCA admits the existence of policies of insurance under which Travelers insured SPCA and that some pages from those polices are attached to Travelers' Third-Party Complaint as Exhibits 1 through 6. Further answering, SPCA states that those documents are themselves the best evidence of their content, and SPCA denies any allegations inconsistent therewith.

52. The Travelers Policies provide that **Wrongful Act** means any error, misstatement, misleading statement, act, omission, neglect, or breach of duty committed or attempted, or allegedly committed or attempted, by the **Insured Organization** or by one or more **Insured Persons**, individually or collectively, in the respective capacities as such, including but not limited to any **Wrongful Employment Practices.**

**Answer**: SPCA admits the existence of policies of insurance under which Travelers insured SPCA and that some pages from those polices are attached to Travelers' Third-Party Complaint as Exhibits 1 through 6. Further answering, SPCA states that those documents are themselves the best evidence of their content, and SPCA denies any allegations inconsistent therewith.

53. The Travelers Policies provide that **Related Wrongful Acts** means **Wrongful Acts** that arise out of, are based on, relate to or are in consequence of, the same facts, circumstances or situations.

**Answer**: SPCA admits the existence of policies of insurance under which Travelers insured SPCA and that some pages from those polices are attached to Travelers' Third-Party Complaint as Exhibits 1 through 6. Further answering, SPCA states that those documents are themselves the best evidence of their content, and SPCA denies any allegations inconsistent therewith.

54. The 2007 IDHR Action was a **Claim** for a **Wrongful Act** first made against SPCA during the 2006-2007 Policy's period.

**Answer**:     Admitted.

55. The 2007 IDHR Action, the Counterclaim and all Amended Counterclaims in the Chancery Suit, the 2010 IDHR Action and the Federal Suit are **Claims** for **Related Wrongful Acts** because they arose out of, were based on, related to or were in consequence of, the same facts, circumstances or situations alleged in the 2007 IDHR Action.

**Answer**:     Denied.

56. Since all civil actions and administrative proceedings in the Novak Litigation arise out of the same **Wrongful Acts** or **Related Wrongful Acts**, the Novak Litigation constitutes a single **Claim**, deemed to have been made when the 2007 IDHR Action was filed in the 2006-2007 Policy Period.

**Answer**:     Denied.

57. Item 3 of the 2006-2007 Policy's Declarations states the Limit of Liability, inclusive of **Defense Costs**, is $1,000,000.00 maximum aggregate Limit of Liability for all **Claims** first made in the **Policy Period**. Therefore, the maximum insurance proceeds available to SPCA for any **Loss** related to the Novak Litigation is $1,000,000.

**Answer**:     SPCA admits the existence of policies of insurance under which Travelers insured SPCA and that some pages from those polices are attached to Travelers' Third-Party Complaint as Exhibits 1 through 6. Further answering, SPCA states that those documents are themselves the best evidence of their content, and SPCA denies any allegations inconsistent therewith. SPCA denies the remaining allegations of Paragraph 57.

58.     The 2006-2007 Policy provides that Travelers shall have the right and duty to defend any **Claim** covered by the 2006-2007 Policy. However, the Policy further provides that Travelers' duty to defend shall cease upon exhaustion of the $1,000,000 maximum aggregate Limit of Liability.

**Answer**:     SPCA admits the existence of policies of insurance under which Travelers insured SPCA and that some pages from those polices are attached to Travelers' Third-Party Complaint as Exhibits 1 through 6. Further answering, SPCA states that those documents are themselves the best evidence of their content, and SPCA denies any allegations inconsistent therewith.

59.     In the 2006-2007 Policy's General Conditions and Limitations section, under the heading Limit of Liability and Retention paragraph 7, the 2006-2007 Policy provides that **Defense Costs** shall be part of, and not in addition to, the $1,000,000 maximum aggregate Limit of Liability, and **Defense Costs** shall reduce the maximum aggregate Limit of Liability.

**Answer**:     SPCA admits the existence of policies of insurance under which Travelers insured SPCA and that some pages from those polices are attached to Travelers' Third-Party Complaint as Exhibits 1 through 6. Further answering, SPCA states that those documents are themselves the best evidence of their content, and SPCA denies any allegations inconsistent therewith.

60.     Since Travelers has paid the applicable maximum aggregate Limits of Liability under the 2006-2007 Policy, the policy's aggregate Limits of Liability are exhausted and Travelers' duty to defend SPCA under the 2006-2007 Policy has ceased.

**Answer**:     Denied.

61.     As the Novak Litigation constitutes a **Claim** first made in the Policy Period of the 2006-2007 Policy, and the Insuring Agreement of each of the Travelers Policies requires, in order

to trigger coverage, that the **Claim** is first made against the **Insured** during that Policy's period, no Travelers Policy issued after the 2006-2007 Policy provides coverage for the Novak Litigation.

**Answer**:     Denied.

62.     An actual and justiciable controversy exists between Travelers on the one hand, and SPCA, Lieberman and Weber on the other, with respect to their duties and obligations under the Travelers Policies, and specifically whether Travelers has a duty to defend SPCA, Lieberman and Weber in the ongoing Novak Litigation.

**Answer**:     Admitted.

### *First Affirmative Defense*

SPCA realleges and incorporates by reference as though full set forth herein the allegations of Count I of SPCA's Third-Party Complaint. As set forth therein, Travelers is estopped from asserting any policy defenses and is estopped from denying its duty to defend.

### *Second Affirmative Defense*

SPCA realleges and incorporates by reference as though full set forth herein the allegations of Count I of SPCA's Third-Party Complaint. As set forth therein, Travelers has waived all policy defenses and has waived any defenses to its duty to defend.

For these reasons, SPCA respectfully requests that this Court enter judgment in its favor and against Travelers as requested in SPCA's Third-Party Complaint and to grant any other relief the Court deems just.

Respectfully Submitted,

By:    /s/William H. Jones
        William H. Jones
        **CANEL, KING & JONES**
        70 West Madison Street, Suite 3970
        Chicago, Illinois 60602
        Telephone: 312-372-4142
        Facsimile: 312-372-6737
        wjones@kingjoneslaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that on January 26, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record in this case by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/William H. Jones